IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **EVERETT E. HUMPHREY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 19-cv-3229 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent, | ) |
| | ) |

### ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Petitioner Everett E. Humphrey's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1). Mr. Humphrey argues his conviction and sentence should be vacated because he received ineffective assistance of counsel and because his due process rights were violated when the Government allegedly withheld and/or fabricated evidence. For the reasons below, Mr. Humphrey's § 2255 Motion (d/e 1) is DENIED.

### I. BACKGROUND

On October 3, 2017, a grand jury charged Mr. Humphrey and his co-defendant John B. Varley with knowingly and intentionally

conspiring to possess with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii) (Count One); and knowingly and intentionally possessing with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Count Two).  See United States v. Humphrey, 17-cr-30061-001 (C.D. Ill.) (hereinafter, Crim.), Indictment (d/e 11).  On July 11, 2018, a jury found Mr. Humphrey guilty of both counts.  Crim., Jury Verdict (d/e 72).

Prior to sentencing, the United States Probation Office prepared a revised Presentence Investigation Report (PSR).  Crim., PSR (d/e 97).  Originally, due to Mr. Humphrey's prior convictions, Mr. Humphrey faced a mandatory sentence of life in prison.  However, on December 21, 2018, the First Step Act was enacted and made amendments to Mr. Humphrey's statute of conviction that applied to any offense committed before December 21, 2018, if a sentence had not been imposed as of the date of enactment.  Accordingly, as Mr. Humphrey's sentencing hearing was delayed until after December 21, 2018, Mr. Humphrey was entitled to be

sentenced under the amended act. Under the amendments, Mr. Humphrey was no longer subject to a sentence of mandatory life imprisonment. Instead, his statutory sentencing range became ten years to life imprisonment. The PSR found that Mr. Humphrey's total offense level was 34 and his criminal history category was V, resulting in an advisory Sentencing Guidelines range of 235 to 293 months' imprisonment. PSR ¶87 (d/e 97).

At the sentencing hearing on March 18, 2019, this Court sentenced Mr. Humphrey to a below-guidelines sentence of 168 months' imprisonment, followed by a five-year term of supervised release. Crim., Judgment (d/e 105). Mr. Humphrey did not appeal.

On September 23, 2019, Mr. Humphrey filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1). He argues he received ineffective assistance of counsel and that evidence against him was fabricated and/or altered. The Government filed its response in opposition on January 21, 2021 (d/e 8). After requesting an extension of time to file a reply (d/e 10), the Court ordered Mr. Humphrey to file a reply on or before May 31, 2021. Mr. Humphrey failed to file a timely reply.

## II. LEGAL FRAMEWORK

Mr. Humphrey is proceeding on a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Relief under § 2255 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." <u>Almonacid v. United States</u>, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under § 2255 is "appropriate for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." <u>Harris v. United States</u>, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

## III. DISCUSSION

### A. Mr. Humphrey Has Not Shown He Received Infective Assistance of Counsel.

Mr. Humphrey has alleged multiple errors by his trial counsel that, he contends, amount to ineffective assistance of counsel. The Sixth Amendment guarantees criminal defendants effective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 684-86 (1984). Under <u>Strickland</u>'s two-part test, a petitioner must show both that his attorney's performance was deficient and that he

was prejudiced as a result. Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 690. A petitioner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. However, absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991). Therefore, the Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697.

Mr. Humphrey first alleges that his defense counsel failed to investigate "non-statutory mitigating circumstances." At sentencing, his defense counsel asked the Court to consider as mitigation the letters and support of Mr. Humphrey's family and friends. Crim., S.Tr. 17-18 (d/e 119). Defense counsel also highlighted that the crimes were not violent. Id. at 18. The Court

noted Mr. Humphrey's family ties as a mitigating factor prior to imposing a significantly below guidelines sentence for Mr. Humphrey. Id. at 22, 26-27. Mr. Humphrey does not explain what additional "non-statutory mitigating circumstances" his defense counsel failed to investigate. Moreover, in order to establish that counsel's failure to investigate mitigating evidence was prejudicial, Mr. Humphrey must present new evidence that "alter[s] the sentencing profile presented to the sentencing judge." Strickland, 466 U.S. 668, 700 (1984). Mr. Humphrey's vague allegations do not provide any indication of what mitigating evidence counsel should have presented, let alone a showing that further mitigating evidence would have altered the "sentencing profile."

Next, Mr. Humphrey argues his defense counsel should have attempted to suppress the evidence against him. To show that counsel was ineffective for failing to file a motion to suppress, Mr. Humphrey must show that "there was both a reasonable probability that he would have prevailed on the motion to suppress and a reasonable probability that, if [the evidence] were suppressed, he would have been acquitted." Bynum v. Lemmon, 560 F.3d 678, 685 (7th Cir. 2009) (citing Strickland, 466 U.S. at 694); Hicks v. Hepp,

871 F.3d 513, 526 (7th Cir. 2017).  Mr. Humphrey's barebones motion has not provided any legal argument as to why a motion to suppress would have succeeded, or even what evidence he believes could have been suppressed.  The PSR summarizes the evidence used against him at trial, which included evidence obtained from multiple searches: (1) an August 13, 2017 search pursuant to a warrant at the residence of one of Mr. Humphrey's distributors; (2) an August 27, 2017 search of a vehicle that was being driven by two individuals who received controlled substances from Mr. Humphrey, which was searched after a K-9 conducted an open-air narcotic sniff during a traffic stop; (3) an August 27, 2017 search pursuant to a warrant at the residence of another one of Mr. Humphrey's distributors; and (4) an August 28, 2017 search pursuant to a warrant at Mr. Humphrey's residence.  Crim., PSR ¶¶ 18, 20, 22-25 (d/e 97).

    To succeed on any motion to suppress, however, Mr. Humphrey would have needed to show a violation of "his (and not someone else's) rights."  United States v. Swift, 220 F.3d 502, 510 (7th Cir. 2000) (quoting Minnesota v. Carter, 525 U.S. 83, 119 S.Ct. 469, 473 (1998)); United States v. Mendoza, 438 F.3d 792, 795 (7th

Cir. 2006) ("A defendant cannot assert a privacy interest on behalf of someone else."). Mr. Humphrey's challenges to the search of the vehicles or residences, other than his own residence, would have failed unless he could show that he had a reasonable expectation of privacy in these places that is protected by the Fourth Amendment. See Carter, 525 U.S. at 88 (holding that, while overnight guests in a home may claim privacy interests under the Fourth Amendment in the home, a defendant who is in another person's apartment for a short time, solely for the purpose of a business transaction does not). Mr. Humphrey has made no showing that he had a significant connection to the residences or vehicle searched, other than his own residence, and, therefore, has not shown how he could have succeeded on a motion to suppress evidence recovered in searches of these places.

Moreover, Mr. Humphrey failed to raise any arguments as to why any of these searches were invalid or why the evidence otherwise should have been suppressed. "Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." Mahffey v. Ramos, 588 F.3d 1142, 1146 (7th Cir. 2009). The Court finds that Mr. Humphrey has not met his

burden of showing that he had any meritorious grounds on which to bring a motion to suppress the evidence against him.  Therefore, Mr. Humphrey has failed to show he received ineffective assistance of counsel for defense counsel's failure to file a motion to suppress. See also Resnick v. United States, No. 20-1221, 2021 WL 3362000, at *5 (7th Cir. Aug. 3, 2021) ("As we have held, counsel does not need to raise meritless arguments") (citing Long v. United States, 847 F.3d 916, 920 (7th Cir. 2017)).

   The Government's response also read Mr. Humphrey's Motion to argue that Mr. Humphrey's counsel was ineffective for agreeing to a continuance of his sentencing hearing.  Resp. at 5-6 (d/e 8).  The Court does not read Mr. Humphrey's Motion to make such an argument, but the Court agrees that the continuance of Mr. Humphrey's sentencing hearing was for his benefit and allowed him to avoid a mandatory life imprisonment sentence.  Accordingly, defense counsel's agreement to continue the sentencing hearing was not ineffective assistance of counsel.  Mr. Humphrey's claim of ineffective assistance of counsel must, therefore, be denied.

## B. Mr. Humphrey's Claims Regarding Evidence are Not Developed Sufficiently to State a Valid Claim.

Mr. Humphrey claims that the state investigators fabricated evidence, specifically drug phone recordings, and that the physical exhibits were not admitted in the same condition as when the crime was committed. He also argues that "the prosecutor failed to disclose material evidence to the jury that the police officer's evidence was not in the same condition as when [the] crime was committed, and the evidence found was not the drug quantity found at crime scene." Mot. at 7 (d/e 1). Mr. Humphrey has not explained what evidence he is referring to or how the "condition" of the evidence at trial was altered. Nor has Mr. Humphrey developed any argument as to how these alleged actions prejudiced him or any other information that would allow the Court to evaluate his claim. As stated above, "[p]erfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." Mahffey, 588 F.3d at 1146. This claim is, therefore, denied.

## IV. EVIDENTIARY HEARING

Mr. Humphrey has asked for an evidentiary hearing. An evidentiary hearing is not always necessary in § 2255 cases. See

Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001). However, "[a] hearing is required unless the record conclusively shows that the movant is not entitled to relief." Hicks v. United States, 886 F.3d 648, 650 (7th Cir. 2018); 8 U.S.C. § 2255(b). Here, no hearing is necessary because Mr. Humphrey has not alleged sufficient facts that, if true, would entitle him to relief.

## V.   CERTIFICATE OF APPEALABILITY

If Mr. Humphrey seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. Flores-Ramirez v. Foster, 811 F.3d 861, 865 (7th Cir. 2016) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Here, the Court does not find

that reasonable jurists could disagree that Mr. Humphrey's claims of ineffective assistance of counsel and his claims regarding fabrication of evidence are undeveloped and meritless. Accordingly, the Court declines to issue a certificate of appealability.

## VI.  CONCLUSION

For the reasons stated, Petitioner Everett E. Humphrey's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (d/e 1) is DENIED.  The Court DECLINES to issue a certificate of appealability.  The Clerk is DIRECTED to enter Judgment in favor of Respondent.  This case is CLOSED.

**ENTERED:  August 16, 2021**

                               s/ Sue E. Myerscough
                               SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE